**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTHA S. JIMENEZ; AMANDA
VOGELSANG-WOLF, on behalf of
themselves and all others similarly situated,

      Plaintiffs - Appellants,

and

MADONNA BUSTILLOS; FRANCISCO
CONTRERAS; CONCEPCION T.
HERNANDEZ,

      Plaintiffs.

v.

BOARD OF COUNTY
COMMISSIONERS OF HIDALGO
COUNTY,

      Defendant - Appellee.

No. 15-2213
(D.C. No. 2:13-CV-00971-JB-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO** and **EBEL**, Circuit Judges.[1]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Honorable Neil Gorsuch participated in the oral argument but not in the
decision in this case. The practice of this court permits the remaining two panel
judges, if in agreement, to act as a quorum in resolving the appeal. See 28 U.S.C.
§ 46(d); see also United States v. Wiles, 106 F.3d 1516, 1516 n.* (10th Cir. 1997)
(noting that this court allows remaining panel judges to act as a quorum to resolve an
appeal). In this case, the two remaining panel members are in agreement.

_____

Plaintiffs Martha Jimenez and Amanda Vogelsang-Wolf ("Wolf"), former hourly employees of Hidalgo County, New Mexico (the "County"), allege the County violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, as amended by the 1947 Portal-to-Portal Act, id. §§ 251-62, by failing to pay Plaintiffs for all of the time they worked.  More specifically, Wolf, a detention officer at the County's jail, alleged that the County required her to attend pre- and post-shift briefings, as well as perform daily pre-shift tasks, but did not compensate Wolf for that work.  And Jimenez, a County 911 dispatcher, alleged that the County failed to pay her for pre-shift briefings and pre-and post-shift tasks she performed.  In addition, both Wolf and Jimenez allege that the County failed to pay them for times they had to be "on call."

The district court granted the County summary judgment on all of these FLSA claims.  Among other things, the court ruled that only the pre-shift briefings for the detention officers qualified as compensable work under the FLSA; alternatively, the district court concluded that Plaintiffs failed to present sufficient evidence as to how much unpaid overtime they worked; and, further alternatively, the County is not obligated to pay Plaintiffs for any amount of overtime they worked because that time was de minimis, see 29 C.F.R. § 785.47 (permitting employer to "disregard" "insubstantial or insignificant periods of time").  The district court further ruled that

_____

Plaintiffs could not recover for time spent on call because neither Plaintiff established that she spent her on-call time predominantly for the County's benefit.

Reviewing de novo the district court's decision to grant the County summary judgment, see Harte v. Bd. of Comm'rs, 864 F.3d 1154, 1161 (10th Cir. 2017), and having jurisdiction to do so under 28 U.S.C. § 1291, we AFFIRM the district court's decision for substantially the reasons advanced by the district court for each of its rulings, with one exception. We reverse summary judgment for the County on dispatcher Jimenez's claim that the County, through its written policy, required her to be at work five minutes before her shift began in order to be briefed by the outgoing dispatcher, but failed to pay her for that time. The district court granted the County summary judgment on this claim after determining that the pre-shift briefing was not integral and indispensable to the principal activity for which the County hired Jimenez because Jimenez could obtain the same information, regarding what was occurring in the County involving first responders at the time she began her shift, by reading the dispatcher desk notes instead of being briefed by the outgoing dispatcher. But that also would require pre-shift time of Jimenez in order for her to perform her job. No one argues that it is not integral and indispensable for the incoming dispatcher to obtain this information in some manner before beginning her shift. There is sufficient evidence, then, from which a trier of fact could find that the County must compensate Jimenez for the five extra minutes it requires her to be at her job, prior to her shift beginning, in order to obtain, in one way or another, information that is integral and indispensable to the principal activity for which the

3

County hired her, to be a 911 dispatcher.  Furthermore, Jimenez produced sufficient evidence from which a trier of fact could make findings about how much overtime the County owed Jimenez—five minutes each shift.[2]  Lastly, the County cannot disregard this five minutes each shift as de minimis because the regulation allowing an employer to disregard insubstantial and inconsequential amounts of time "applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration."  29 C.F.R. § 785.47.  Relevant here, that regulation further provides that "[a]n employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him."  Here, the County, by its written policy, required dispatchers to be at work five minutes before every shift.  That is a "fixed or regular working time," and a "practically ascertainable period of time [s]he is regularly required to spend on duties."

For the foregoing reasons, then, we REVERSE summary judgment for the County on Plaintiff Jimenez's FLSA claim seeking overtime for the five minutes she

---

[2] Jimenez testified it took her five to ten minutes per shift to obtain this information as well as perform other pre-shift tasks.  A factfinder could use this testimony to calculate how much overtime the County might owe Jimenez.  From the evidence in the record, this five- to ten-minute period involved not only the pre-shift briefing, but also other preliminary, non-compensable tasks such as putting on her headset and logging into her computer.  However, applying the more lenient "just and reasonable inference" standard of proof required under circumstances when the employer did not keep adequate records, Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036, 1047 (2016) (internal quotation marks omitted), Jimenez sufficiently proved that at least five minutes a day was required of her pre-shift to perform tasks that were necessary in order for her to do her job.

was required to be at work, before her shift began, in order to obtain information as to what was occurring at that time with the County's first responders. We AFFIRM summary judgment for the County in all other respects, for substantially the reasons stated in the district court's decisions.

Entered for the Court

David M. Ebel
Circuit Judge

5